**NOT FOR CITATION**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

PATRICK DEMARC SAMPSON,

    Petitioner,

vs.

MIKES KNOWLES, Warden,

    Respondent.

No. C 05-3825 PJH (PR)

**DENIAL OF CERTIFICATE OF APPEALABILITY**

This is a habeas case under 28 U.S.C. § 2254 filed pro se by a state prisoner. The court granted respondent's motion to dismiss on March 13, 2007, and judgment was entered that day. On April 9, 2007, petitioner filed a "Notice of Motion; Motion for Extension of Time." On May 22, 2007, he filed a notice of appeal, a motion for a certificate of appealability ("COA"), and a motion for leave to proceed in forma pauperis on appeal..

**DISCUSSION**

*1. Motion for extension of time*

Petitioner requests an extension of time to "respond" to the ruling, saying that he is was unable to gain access to the law library. Because petitioner's lack of access to legal materials constitutes good cause, the motion, treated as a motion for an extension of time to appeal pursuant to Rule 4(a)(5) of the Federal Rules of Appellate Procedure, will be granted.

*2. Motion for a COA*

A petitioner may not appeal a final order in a federal habeas corpus proceeding without first obtaining a certificate of appealability (formerly known as a certificate of probable cause to appeal). *See* 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b). A judge shall

grant a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The certificate must indicate which issues satisfy this standard. *See id.* § 2253(c)(3).

"Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 120 S.Ct. 1595, 1604 (2000). In this case, however, the dismissal was on a question antecedent to the merits.

Although section 2253(c)(1) also applies to decisions on procedural grounds such as the ruling in this case, the application is somewhat more complex. *See Slack*, 120 S.Ct. at 1603. "Determining whether a COA should issue where the petition was dismissed on procedural grounds has two components, one directed at the underlying constitutional claims and one directed at the district court's procedural holding." *Id.* "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* As each of these components is a "threshold inquiry," the federal court "may find that it can dispose of the application in a fair and prompt manner if it proceeds first to resolve the issue whose answer is more apparent from the record and arguments." *Id.* Supreme Court jurisprudence "allows and encourages" federal courts to first resolve the procedural issue, as was done here. *See id.*

The petition was dismissed because it was filed about eighteen months after completion of direct review, after deducting the time his state postconviction actions were pending. The court treated his contention that he had been so busy investigating the basis for his claim that he "lost track of time" as an attempt to claim equitable tolling, but concluded that it was far from sufficient, and rejected his contention that he was actually innocent because he had provided no evidence whatever to show that. In view of the

weakness of these attempts to avoid the effect of the statute of limitations, reasonable jurists would not find the result debatable. The request for a certificate of appealability will be denied.

## CONCLUSION

Petitioner's motion for an extension of time to appeal (document number 27 on the docket) is **GRANTED**. The notice of appeal is deemed timely. His motion for a certificate of appealability (document number 29) is **DENIED**. His motion for leave to proceed in forma pauperis on appeal (document number 30) is **DENIED** without prejudice to renewing it in the court of appeals if a certificate of appealability is granted by that court.

The clerk shall transmit the file, including a copy of this order, to the Court of Appeals. *See* Fed. R.App.P. 22(b); *United States v. Asrar*, 116 F.3d 1268, 1270 (9th Cir. 1997). Petitioner may then ask the Court of Appeals to issue the certificate, *see* R.App.P. 22(b)(1), or if he does not, the notice of appeal will be construed as such a request, *see* R.App.P. 22(b)(2).

**IT IS SO ORDERED.**

Dated: June 25, 2007.

PHYLLIS J. HAMILTON
United States District Judge

G:\PRO-SE\PJH\HC.05\SAMPSON825.COA

3